# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| STALIN JOSE CHIQUITO SUBERO, | Case No. 5:26-cv-02163-DFM |
| Petitioner, | |
| v. | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |
| JOSHUA JOHNSON et al.,[1] | |
| Respondents. | |

## I.   INTRODUCTION

On April 27, 2026, Petitioner Stalin Jose Chiquito Subero filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. See Dkt. 1 ("Petition"). On May 4, Respondents filed an Answer. See Dkt. 9 ("Answer"). On May 5, Petitioner filed a Response. See Dkt. 10 ("Reply").

---

[1] Respondents move to dismiss all unlawfully named officials. See Answer at 2. The proper respondent in habeas cases is the "warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Rumsfeld v. Padilla, 542 U.S. 426, 430 (2004). Petitioner has properly named his immediate custodian, Joshua Johnson. If Respondents seek to dismiss the other Respondents from this action, they must do so in a properly noticed motion.

For the reasons set forth below, the Petition is **GRANTED** and Respondents are **ORDERED** to release Petitioner from custody within three (3) days, on the same conditions under which he was previously released.

## II.   BACKGROUND

Petitioner is a Venezuelan national. See Petition at 7. On or about March 30, 2024, Petitioner encountered U.S. Customs and Border Protection ("CBP") at the border. See id. ¶ 1. The Department of Homeland Security ("DHS") released Petitioner on his own recognizance and notified him that he would be required to appear for future removal proceedings. See id. DHS has charged Petitioner with removability under 8 U.S.C. §§ 1182(a)(6)(A)(i) (presence without admission or parole) and 1182(a)(7)(A)(i)(I) (lack of valid entry documents). See id. ¶ 3.

Following his release, Petitioner filed an application for asylum, which remains pending before U.S. Citizenship and Immigration Services. See id. ¶ 1. Petitioner obtained employment authorization based on his pending asylum application. See id. He married a U.S. citizen, who has filed a Form I-130 petition on his behalf. See id. Petitioner alleges that he has committed no crimes and complied with all U.S. Immigration and Customs Enforcement ("ICE") check-in dates as scheduled. See id.

During a regularly scheduled check-in, ICE took Petitioner into custody. See id. The Petition alleges, and the Answer does not dispute, that ICE provided no stated reason for the re-detention at the time. See id. Petitioner is currently detained at the Adelanto Detention Facility and his removal proceedings are pending before an Immigration Judge See id. ¶¶ 2, 14.

Petitioner sought release from DHS, which was denied. See id. at 8. Petitioner then sought a bond redetermination hearing before the immigration judge. See id. On April 21, 2026, the immigration judge issued a decision concluding that he lacked jurisdiction to conduct a bond redetermination

hearing on the ground that Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). See id. ¶ 4 & at 8.

Petitioner asserts three claims: (1) unlawful denial of a bond hearing in violation of 8 U.S.C. § 1226(a); (2) violation of the Administrative Procedure Act, 5 U.S.C. § 706(2); and (3) violation of procedural due process under the Fifth Amendment. See Petition ¶¶ 38-47. He seeks an order requiring Respondents either to release him or to provide him with a bond redetermination hearing within fourteen days. See id. at 9-10. In his Reply, Petitioner argues that release on the conditions of his prior recognizance, rather than a bond hearing, is the appropriate remedy. See Reply at 3-4 (citing Ortega v. Bonnar, 415 F. Supp. 3d 963 (N.D. Cal. 2019), and other authorities).

In their Answer, Respondents do not contest the substance of the Petition. They state that Respondent Warden Joshua Johnson "is not presenting an opposition argument to the provision of an immigration bond hearing at this time." Answer at 2. Respondents do not allege any basis on which DHS determined that Petitioner's re-detention was warranted, nor do they identify any change in circumstances since his original release on recognizance.

### III. DISCUSSION[2]

The Court has jurisdiction under 28 U.S.C. § 2241 because Petitioner is "in custody" and challenges the constitutionality of that physical confinement.

---

[2] Petitioner argues that he is detained under 8 U.S.C. § 1226(a), rather than § 1225(b)(2)(A), as the IJ found. Respondents have not sought to defend the IJ's contrary view and have conceded that Petitioner should be considered for bond. Regardless of which detention provision applies, Petitioner was re-detained without the process the Constitution requires.

See Trinidad y Garcia v. Thomas, 683 F.3d 952, 956 (9th Cir. 2012); Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

## A.   Due Process

Noncitizens physically present in the United States are protected by the Due Process Clause of the Fifth Amendment. See Zadvydas v. Davis, 533 U.S. 678, 693 (2001). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." Id. at 690 (citation omitted).

In Morrissey v. Brewer, the Supreme Court recognized that the decision to release a person from custody creates "at least an implicit promise that parole will be revoked only if he fails to live up to the parole conditions," generating a liberty interest that "is valuable and must be seen as within the protection of" due process. 408 U.S. 471, 482 (1972). District courts in this circuit have consistently held that this principle extends to noncitizens released by DHS pending removal proceedings. See Ortega v. Bonnar, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019) ("Just as people on preparole, parole, and probation status have a liberty interest, so too does [petitioner] have a liberty interest in remaining out of custody on bond." (citations omitted)); Garro Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("[E]ven when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody." (citation omitted)); Guillermo M.R. v. Kaiser, 791 F. Supp. 3d 1021, 1031 (N.D. Cal. 2025) ("The fact that [p]etitioner is subject to discretionary conditions of release likewise does not mean he lacks a protectable liberty interest and can be re-detained without process.").

Petitioner was released on his own recognizance after his March 30, 2024 encounter with CBP, when DHS determined that his release was

4

warranted. See Petition ¶ 1. Since then, Petitioner has lived in the community for approximately two years, established a stable life, obtained employment authorization, filed an application for asylum, married a U.S. citizen, and complied with the conditions of his release. See id. His release, his period of conditional freedom, and his establishment of a life in the community created a constitutionally protected liberty interest in remaining out of detention. See Doe v. Becerra, 787 F. Supp. 3d 1083, 1093-94 (E.D. Cal. 2025).

Petitioner was re-detained in April 2026 without prior notice, without a statement of the individualized reasons for re-detention, and without an opportunity to be heard before a neutral decisionmaker. Respondents have not identified any change in circumstances that prompted the re-detention. The bond hearing Petitioner sought after re-detention was denied on the threshold ground that the immigration judge lacked jurisdiction; he therefore received no hearing on the merits of his custody, before or after his re-detention. See Petition at 7-8. Accordingly, Petitioner did not receive sufficient process. See Morrissey, 408 U.S. at 482, 487-89 (holding that even where a parolee has violated conditions, due process requires a hearing before final revocation); Garro Pinchi, 792 F. Supp. 3d at 1032-33.

**B.      The *Mathews* Factors Weigh in Favor of Petitioner**

To determine what procedures are constitutionally required to protect a liberty interest, courts apply the three-part test established in Mathews v. Eldridge, 424 U.S. 319, 335 (1976): (1) the private interest affected by the official action; (2) the risk of erroneous deprivation through the procedures used and the probable value of additional or substitute procedural safeguards; and (3) the Government's interest, including the fiscal and administrative burdens of additional procedural requirements. The Ninth Circuit has observed that Mathews is "a flexible test that can and must account for the heightened

governmental interest in the immigration detention context." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022) (citations omitted).

First, Petitioner has a significant private interest in remaining free from detention. He lived in the community for approximately two years after his release. During that time, he established a stable life, worked under employment authorization issued by DHS, filed an application for asylum, married a U.S. citizen, and complied with the conditions of his release. See Petition ¶ 1. His continued liberty interest in remaining on release is undermined by his immigration detention without a pre-detention hearing. See Doe, 787 F. Supp. 3d at 1093-94. This factor weighs strongly in Petitioner's favor.

Second, the risk of erroneous deprivation is considerable. Petitioner has not received any bond hearing, any custody redetermination, or any individualized hearing before a neutral decisionmaker since his re-detention. See Petition ¶ 4. Respondents have not identified any reason for the re-detention; nor have Respondents alleged in this litigation any violation of the conditions of release or any change in circumstances. Because there have been no procedural safeguards to determine whether Petitioner's re-detention is justified, the risk of erroneous deprivation is high. See Doe, 787 F. Supp. 3d at 1094. This factor weighs strongly in Petitioner's favor.

Third, the Government's interest in detaining Petitioner without a pre-deprivation hearing is low. See Hasratyan v. Bondi, No. 26-210, 2026 WL 288909, at *4 (C.D. Cal. Feb. 2, 2026). While the Government has a "significant" interest in enforcing its immigration laws, Rodriguez Diaz, 53 F.4th at 1209, that interest is diminished where, as here, Petitioner lived in the community for approximately two years, has a pending asylum application, has a U.S. citizen spouse who has filed an I-130 petition on his behalf, and has been compliant with the conditions of his release. The effort and cost required

6

to provide Petitioner with procedural safeguards before re-detention—rather than simply detaining him at a check-in without any hearing—is minimal. See Doe, 787 F. Supp. 3d at 1094. Furthermore, Petitioner has a hearing scheduled before an immigration judge on May 20, 2026. See Petition ¶ 2. That scheduled appearance, together with everything else, diminishes concerns that release would impair the Government's ability to bring Petitioner before an immigration judge for further proceedings. This factor weighs in Petitioner's favor.

All three Mathews factors weigh in Petitioner's favor. Respondents' re-detention of Petitioner without any hearing before a neutral decisionmaker violated his procedural due process rights under the Fifth Amendment.

## C.    Remedy

Having concluded that Respondents violated Petitioner's procedural due process rights, the Court turns to the appropriate remedy.

After applying the Mathews test, the Supreme Court "usually has held that the Constitution requires some kind of a hearing before the State deprives a person of liberty or property." Zinermon v. Burch, 494 U.S. 113, 127 (1990) (emphasis in original) (citations omitted). Certainly, there may be situations that urgently require arrest, in which a prompt post-deprivation hearing is appropriate. See id. at 128. However, absent evidence of urgent concerns, a pre-deprivation hearing is required to satisfy due process. See Guillermo M. R., 791 F. Supp. 3d at 1036.

Here, no urgency justified bypassing pre-deprivation process: Petitioner was apprehended at a routine check-in he had voluntarily attended, and Respondents have identified no individualized basis for the re-detention. The Court accordingly concludes that Petitioner's detention without a pre-deprivation hearing rendered his current confinement unlawful. To the extent Respondents argue that Petitioner is entitled only to a bond hearing, this

argument "misapprehend[s] the purpose of a pre-detention hearing: if Petitioner is detained, he will already have suffered the injury he is now seeking to avoid." <u>Jorge M.F. v. Jennings</u>, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021); <u>see also</u> <u>E.A. T.-B. v. Wamsley</u>, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025).

Because the relief the Court orders fully addresses the deprivation of which Petitioner complains, the Court finds it unnecessary to engage in an analysis of Petitioner's remaining claims. <u>See</u> <u>Xie v. LaRose</u>, No. 25-3649, 2026 WL 92066, at *2 n.3 (S.D. Cal. Jan. 13, 2026) (declining to address the petition's remaining grounds for relief in light of the disposition).

## D.    <u>Attorney's Fees</u>

Petitioner has requested costs and attorney's fees in this action pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. <u>See</u> Petition at 10. The EAJA provides in part:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney . . . representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record . . . which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B).

The Court will consider an application requesting reasonable fees and costs under the EAJA that is filed within thirty days (30) of the judgment.

## IV.   ORDER

The Petition is **GRANTED** as follows:

1.      Respondents are **ORDERED** to release Petitioner from custody within three (3) days of the date of this Order, on the same conditions under which he was previously released. Petitioner's release is without prejudice to his obligation to appear before an Immigration Judge on May 20, 2026, and at all subsequent hearings as required in his removal proceedings. Nothing in this Order limits the immigration court's authority to conduct those proceedings or to set additional conditions of release as appropriate under 8 U.S.C. § 1226(a) and applicable regulations.

2.      The parties shall file a joint status report within ten (10) days of the date of this Order confirming that Petitioner has been released.

Date: May 7, 2026

DOUGLAS F. McCORMICK
United States Magistrate Judge

9